# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Dill,                          :
                Petitioner          :
                                        :
                v.                 :  No. 1054 C.D. 2017
                                          :  Submitted: February 23, 2018
Pennsylvania Board                   :
of Probation & Parole,               :
                Respondent           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: May 15, 2018

      Edwin Dill, an inmate at SCI-Benner Township, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) that denied his challenge to the Board's recalculation of his maximum sentence date. Dill contends that because the Board did not conduct a revocation hearing within 120 days of receiving official verification of his conviction on new criminal charges, its sentence recalculation was a nullity. His counsel, David Crowley, Esq., has petitioned for leave to withdraw from representation of Dill. For the following reasons, we grant Counsel's petition and affirm the Board's order.

      On December 11, 1984, Dill was sentenced to 12 years, 6 months to 25 years upon his conviction for robbery and related charges. When Dill was paroled on October 24, 1993, his maximum sentence date was April 24, 2006.

      On December 5, 1996, Dill was charged criminally for possession of a controlled substance and incarcerated in Delaware County prison. That same day the Board issued a detainer against Dill both for new charges and for several

technical parole violations. Dill requested a continuance of the parole revocation hearing "[t]o await disposition of all outstanding criminal charges." Certified Record at 30 (C.R. __). While in Delaware County prison, Dill was charged with the federal crime of interference with interstate commerce by robbery and related firearms charges. After the state charges against Dill were dismissed,[1] a federal bench warrant for his arrest was issued. On June 25, 1997, Dill was taken into federal custody. On July 2, 1997, Dill was "detained without bail pending trial" by the federal court. C.R. 40.

On November 10, 1997, Dill was convicted of the federal robbery charges and sentenced to incarceration for 262 months. On November 12, 1997, the Board received official verification of the conviction. On June 28, 1998, the Board lodged a detainer against Dill on the federal criminal conviction.

On March 2, 2016, Dill was released from federal prison to the Board's detainer. On March 23, 2016, the Board conducted a revocation hearing on Dill's outstanding technical parole violations and the criminal parole violation. At that hearing, the technical parole violations were dropped because Dill's former parole agent could not be located to testify. Evidence of Dill's federal conviction was entered into evidence.

Dill moved for a dismissal of the revocation proceeding for the stated reason that the applicable statute required a parole violator to serve backtime on a state sentence before serving time on a new federal sentence. Dill contended that the Board should have removed him from federal custody to complete his backtime in state prison. Dill then testified about his accomplishments in federal prison. After

---

[1] Dill's motion to dismiss the parole violation charges recited that the state charges were dismissed on June 15, 1997. The record does not otherwise document the date the state charges were dismissed.

completing several courses in health and wellness, Dill became an instructor in the federal prison on physical fitness and physical therapy. He is now 61 years old and would like to live outside prison for the remainder of his life.

The Board recommitted Dill to serve 12 months backtime for his criminal parole violation and recalculated his maximum sentence date to May 15, 2027. Dill filed an administrative appeal, asserting that the revocation hearing was untimely. The Board denied the appeal, explaining that at the time of Dill's conviction on the federal charges, the applicable statute required him to serve the federal sentence before serving backtime on his state sentence. Accordingly, Dill did not become available to the Board until his release from federal custody in 2016, at which point the Board promptly conducted a parole revocation hearing.

Dill has petitioned for this Court's review, arguing that his revocation hearing was untimely and, thus, the Board had no authority to recalculate his maximum sentence date.[2] Counsel has filed an application to withdraw from Dill's representation and a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), that explains why Dill's appeal lacks merit.

When evaluating a petition for leave to withdraw from representation of a parolee, we must determine whether counsel has satisfied the following requirements: (1) notifying the inmate of the application to withdraw; (2) providing the inmate with a copy of the *Anders* brief or a no-merit letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and (3) advising the inmate of

---

[2] Our review of the Board's revocation decision determines whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence. *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016). Here, the issue is whether Dill's revocation hearing was timely, a matter on which the Board bears the burden of proof. *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114, 116 (Pa. Cmwlth. 2007).

his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). If counsel has fully complied with the technical requirements for withdraw, the Court will independently review the merits of the inmate's claims.

Here, the record reflects that Counsel has notified Dill of the application to withdraw; has provided Dill with a copy of the *Anders* brief that details Counsel's review of the issues and the reasons why Counsel concluded those issues lack merit; and has advised Dill of his right to retain new counsel or raise any new points he might deem worthy of consideration. Because Counsel has satisfied the procedural requirements for withdrawal, the Court will review the inmate's claims. Accordingly, we turn to the merits of Dill's appeal.

Due process requires that a parolee receive a timely hearing after he is taken into custody for a parole violation. *See Taylor*, 931 A.2d at 117 (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). In accordance with that principle, the Board has obligated itself by regulation to hold a parole revocation hearing within 120 days of receiving official verification of the parolee's conviction. 37 Pa. Code §71.4(1).[3] Because the Board learned of Dill's federal conviction almost 20 years before it held a revocation hearing, he argues that his revocation hearing was patently untimely. His argument centers on the Prisons and Parole Code (Parole Code),[4] which states, in relevant part, as follows:

> If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), *the*

---

[3] The text of the regulation is set forth *infra* at 7.

[4] 61 Pa. C.S. §§101-6309.

4

> *parolee shall serve the balance of the original term before serving the new term.*

61 Pa. C.S. §6138(a)(5.1) (emphasis added) (added by the Act of October 27, 2010, P.L. 931).

The Board responds in two ways. First, at the time Dill was sentenced, the law required him to serve his new federal sentence before serving backtime on the prior state sentence. Second, under its regulation, the Board is not required to hold a parole revocation hearing so long as the parole violator remains in federal custody. Rather, the regulation requires the Board to hold a hearing within 120 days of the parole violator's return to state custody. Because Dill was returned on March 2, 2016, and the hearing was held on March 23, 2016, the Board satisfied its regulation.

At the time Dill was sentenced on his federal crimes, the Parole Act[5] was the law of Pennsylvania. Section 21.1(a) of the former Parole Act stated as follows:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.
>
> (ii) If a person is paroled from a county penal or correctional institution and the new sentence

---

[5] The Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, formerly 61 P.S. §§331.1-331.34a, was repealed by the Act of August 11, 2009, P.L. 147, as part of its codification at 61 Pa. C.S. §§101-6309.

5

> imposed upon him is to be served in the same county penal or correctional institution.
>
> *In all other cases*, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 P.S. §331.21a(a) (emphasis added) (added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*).  This Court has construed "[i]n all other cases" as applying to federal sentences.  *See Griffin v. Department of Corrections*, 862 A.2d 152, 155 (Pa. Cmwlth. 2004).  In short, when Dill began serving his federal sentence, the Parole Act required him to complete that sentence before he could serve backtime on his state sentence.

As noted, due process requires the Board to conduct a parole revocation hearing within a reasonable time of learning of the parolee's conviction.  The Board has promulgated a regulation that requires the hearing to be held within 120 days of the Board's receipt of official notification of a conviction.  The Board's regulation states as follows:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level *except as follows*:
>
>> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), *the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility*.

6

37 Pa. Code § 71.4(1)(i) (emphasis added).  The Board's regulation is clear.  So long as a parolee is in federal custody, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to state custody, regardless of when the Board received official verification of his new conviction.  The validity of this regulation has been confirmed by this Court several times.

In *Thomas v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 279 C.D. 2015, filed March 7, 2016),[6] the parolee also invoked 61 Pa. C.S. §6138(a)(5.1) to challenge his sentence credit.  There, the parolee was convicted on federal bank robbery charges and sentenced to 63 months in federal prison.  In 2014, at the expiration of his federal sentence, he was released to the Board's custody.  The parolee argued that because Section 6138(a)(5.1) of the Parole Code required his original sentence to be served first, his time in federal prison had to be credited to his backtime.  We rejected this argument because the parolee had been sentenced on the federal charges four months before the passage of Section 6138(a)(5.1).

In *Steward v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 684 C.D. 2017, filed March 16, 2018), this Court considered, as here, whether the parolee's revocation hearing was timely.  There, the parolee was arrested in Maryland on criminal charges for which he was convicted and sentenced.  On November 22, 2016, he was released from Maryland to the Board's detainer, and a revocation hearing was held on February 7, 2017.  The parolee argued that his revocation hearing was untimely because the Board had received official verification of his Maryland conviction on January 5, 2016.

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

We held that "where a parolee is in the custody of another state or otherwise unavailable, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to Pennsylvania, regardless of when the Board received official verification of his new conviction." *Steward*, slip op. at 7 (citing 37 Pa. Code §71.5(a), (c)(1)). We explained that the Parole Code does not authorize the Board to take custody of a parolee who is already in the custody of the State of Maryland. This was consistent with our holding in *Brown v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 262 C.D. 2017, filed December 14, 2017), where we explained:

> [The parolee] does not dispute that he was in federal custody both before and after his federal sentencing and when the Board received official verification of his conviction. His argument presumes that the Board had the *ability to obtain him from federal custody* in order to hold a revocation hearing and recommit him as a [parole violator] to serve the remainder of his original sentence in accordance with Section 6138(a)(5.1). However, the Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original sentence…. Thus, ... [the parolee] was *already unavailable to the Board* when he pled guilty and was sentenced, as well as when it received official verification of his conviction.

*Brown*, slip op. at 11-12 (emphasis in original).

Lest there be any doubt, in *Santosusso v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 574 C.D. 2017, filed January 30, 2018), slip op. at 6, this Court explained that the Board does not have "the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator." We rejected the parolee's claim that Section 6138(a)(5.1) of the

8

Parole Code made him available to the Board prior to his release from the federal prison system.

Here, Dill served his federal sentence in accordance with existing law that required new federal sentences to be served prior to serving backtime. Indeed, Dill had been in federal custody approximately 13 years before the Parole Code was amended in 2010 to change the order of serving sentences. 61 Pa. C.S. §6138(a)(5.1). The 2010 amendment is inapplicable to Dill, who was sentenced in 1998. *Thomas*, slip op. at 3. In any case, the Board's regulation is clear that its 120-day rule for holding a parole revocation hearing is not triggered until the parolee is returned to Pennsylvania and, thus, "available" to the Board. Simply, there is no legal authority for the notion that the Board could or should "pluck" Dill from federal prison to hold a revocation hearing. *Santosusso*, slip op. at 6.

Dill became available to the Board upon his release from federal prison on March 2, 2016. His revocation hearing on March 23, 2016, was held "within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code §71.4(1)(i). It was timely held.

For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Dill,                                     :
          Petitioner                    :
                                    :
          v.                               :  No. 1054 C.D. 2017
                                      :
Pennsylvania Board                              :
of Probation & Parole,                          :
          Respondent                    :

# **O R D E R**

AND NOW, this 25th day of May, 2018, the order of the Pennsylvania Board of Probation and Parole, dated July 19, 2017, is AFFIRMED and the application for leave to withdraw as counsel filed by David Crowley, Esquire, is GRANTED.

                                         _____
                                           MARY HANNAH LEAVITT, President Judge