# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Moody,                               :
                     Petitioner     :
                                   :
        v.                                    :  No. 1277 C.D. 2023
                                   :  SUBMITTED:  October 8, 2024
Pennsylvania Parole Board,                  :
                   Respondent     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                   **FILED:  November 8, 2024**

        Darryl Moody petitions for review of an order of the Pennsylvania Parole Board, which denied his administrative appeal of his recommitment as a convicted parole violator (CPV) and the recalculation of his parole violation maximum sentence date (maximum date).  Also pending before the Court is an application to expedite and Lucille A. Bongiovanni, Esquire's motion to withdraw as counsel, which was filed after the petition was fully briefed.  For the following reasons, we affirm the Board's order, grant Counsel's motion to withdraw, and dismiss as moot the application to expedite.

        In 2008, Moody was sentenced in Delaware County to 7 to 15 years of imprisonment for two counts of manufacture/sale/delivery or possession with intent to deliver drugs (original sentence).  Certified Record (C.R.) at 1.  The Department of Corrections calculated Moody's original minimum date as April 27, 2013, and his maximum date as April 27, 2021.  C.R. at 1-2.  By decision recorded January 14,

2013, the Board granted Moody conditional parole, and he was released on parole to a community corrections residence on April 29, 2013. C.R. at 4-7. Prior to his release, Moody signed conditions governing his parole which included the following:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 8. Moody was subsequently paroled to an approved home plan on May 3, 2013. C.R. at 11-12.

On January 14, 2015, well before the expiration of his maximum date, Moody was arrested by the Pennsylvania State Police and charged with multiple drug and firearms offenses. C.R. at 20-21. Moody was detained at the Delaware County prison (C.R. at 14, 22 and 75), and the Board lodged a warrant to commit and detain him that same day (C.R. at 13). In May 2015, the new state charges against Moody were *nolle prossed* and he was immediately recharged and detained by federal authorities on similar offenses. C.R. at 22, 144; *see United States v. Moody* (E.D. Pa., No. 2:15-CR-00191).

In October 2017, Moody pleaded guilty in the United States District Court for the Eastern District of Pennsylvania (District Court) to possession with intent to distribute 280 grams or more of cocaine base ("crack") within 1,000 feet of a school and possession of a firearm by a convicted felon. C.R. at 52, 147. The District Court sentenced Moody to an aggregate term of 120 months of confinement in the custody of the Federal Bureau of Prisons (Bureau) followed by 10 years of supervised release, stating that he "shall receive credit for all time spent in custody

2

on these charges." C.R. at 53. The District Court also "recommend[ed] that [Moody]'s sentence run concurrently to any state court sentence imposed," and remanded him to the custody of the United States Marshal. *Id.* On November 28, 2017, the Board received official verification of Moody's federal conviction. C.R. at 21. The Board lodged a detainer against Moody based on his federal conviction on December 4, 2017; however, he undisputedly remained in the Bureau's custody. C.R. at 15.

On January 23, 2023, at the completion of his federal sentence, Moody was released to the Board's detainer and transported to a State Correctional Institution (SCI) to await his parole hearing. C.R. at 22, 34. The Board held a panel revocation hearing on April 27, 2023, 94 days later, at which Counsel represented Moody. C.R. at 18-19, 24-25. Counsel did not challenge the fact that Moody was convicted in the District Court for federal offenses that occurred while he was on parole. Rather, she argued, among other things, that Moody's recommitment as a CPV violates the order of service of sentences pursuant to the Prisons and Parole Code (Parole Code), *see* 61 Pa.C.S. § 6138(a)(5.1);[1] that Moody was available to the Board at the time of his federal conviction and he should have been returned immediately to the Board's custody; that the Board violated Moody's due process rights by failing to detain him so that he could serve the balance of his original sentence prior to his federal sentence; and that his parole revocation hearing was untimely.

By decision with mailing date May 18, 2023, the Board rejected these arguments, recommitted Moody as a CPV to serve 18 months based on his federal

---

[1] Section 6138(a)(5.1), pertaining to violation of the terms of parole and CPVs, provides: "If the [parolee] is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the [parolee] shall serve the balance of the original term before serving the new term." 61 Pa.C.S. § 6138(a)(5.1).

conviction, and recalculated his maximum date as January 21, 2031. C.R. at 155. The Board did not award Moody credit for time spent at liberty on parole for the stated reason that he "committed a new offense involving possession of a weapon[.]" C.R. at 156. Counsel filed a timely administrative remedies form on Moody's behalf raising the same arguments as she did before the panel. C.R. at 158. By final determination mailed on October 19, 2023, the Board denied Moody's request for administrative relief and affirmed its previous decision. C.R. at 301-02. Moody then petitioned this Court for review.[2]

Moody argues that the Board violated the Parole Code requirement that he serve the balance of his original state sentence prior to serving his new federal sentence. *See* 61 Pa.C.S. § 6138(a)(5.1). According to Moody, the Board had jurisdiction over him, and he was available to the Board at the time of his federal conviction, and the Board's failure to invoke its jurisdiction violated the Parole Code and deprived him of due process. Finally, Moody argues that his revocation hearing was untimely[3] because it was not held within 120 days of when he first became

---

[2] As indicated above, Counsel's motion to withdraw was filed after the petition was fully briefed and indicates: "It is [Moody]'s request to represent himself going forward in this matter[.]" May 28, 2024 Motion ¶ 4. Because the motion is not based upon Counsel's representation that the appeal is frivolous, and because Counsel submitted a substantive brief on the merits prior to seeking to withdraw, we do not review the motion under the standard adopted in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (pertaining to procedures required when appointed counsel seeks to withdraw based upon lack of merit).

[3] Where, as here, "a parolee challenges the timeliness of a revocation hearing, the Board has the burden of proving by a preponderance of the evidence that the hearing was, in fact, timely." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017) (citation omitted). The appropriate remedy when the Board fails to meet this burden is dismissal of the parole violation charge, with prejudice. *Id.*; *Fumea v. Pa. Bd. of Prob. & Parole*, 147 A.3d 610, 620 (Pa. Cmwlth. 2016). Moreover, "[a]n unreasonable and unjustifiable delay in holding a revocation hearing, which is 'not attributable to the parolee or his counsel do[es] not toll the running of the 120-days.'" *Brown*, 184 A.3d at 1025 [quoting *Jacobs v. Pa. Bd. of Prob. & Parole*, 24 A.3d 1074, 1080 (Pa. Cmwlth. 2011)].

4

available to the Board. Therefore, his parole revocation charge should be dismissed with prejudice, and he should be immediately released.

The Board admits that, *in general*, Section 6138(a)(5.1) of the Parole Code requires that parolees serve the balance of their original sentence prior to serving a new federal sentence. However, the Board argues that Moody was unavailable from the date he was arrested until he was returned to an SCI on January 23, 2023, because he was incarcerated throughout that time first at the Delaware County prison and then in a federal facility. The Board maintains that it had no ability to retake custody of Moody to serve his original sentence prior to his return to an SCI. Moreover, Moody's parole revocation hearing was timely because it was held 94 days after he became available to the Board, well within the 120-day time limitation provided by the Board's regulations. We agree.

It is well established that "[d]ue process requires that a parolee receive a timely hearing after he is taken into custody for a parole violation." *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1044 (Pa. Cmwlth. 2018) (citations omitted). To that end, Section 71.4(1)(i) of the Board's regulations states, in relevant part:

> The following procedures shall be followed before a parolee is recommitted as a [CPV]:
>
> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level *except as follows*:
>
> > (i) *If a parolee is confined* outside the jurisdiction of the Department of Corrections, such as confinement . . . *in a Federal correctional institution or confinement in a county correctional institution* where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [] 314 A.2d 842 ([Pa.] 1973), *the revocation*

5

> *hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility*.

37 Pa. Code § 71.4(1)(i) (emphasis added). Section 71.5 of the Board's regulations offers additional guidance, as it provides:

> (a) If the parolee is . . . in Federal custody, the Board may lodge its detainer *but other matters may be deferred until the parolee has been returned to a State correctional facility* in this Commonwealth.
>
> . . . .
>
> (c) In determining the period for conducting hearings under this chapter, *there shall be excluded from the period, a delay in any stage of the proceedings* which is directly or indirectly attributable to one of the following:
>
> > (1) *The unavailability of a parolee* or counsel.

37 Pa. Code § 71.5(a), (c)(1) (emphasis added).

This Court considered the interplay of Section 6138(a)(5.1) of the Parole Code and the above regulations of the Board in the factually similar matter of *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017). Just like Moody, Brown was arrested on drug charges while on parole and confined in a county jail, and the Board subsequently issued a detainer against him. *Id.* at 1022. The state charges were ultimately withdrawn, Brown was indicted on federal drug charges, and he was confined in a federal facility, as was Moody. *Id.* Brown ultimately pleaded guilty, was sentenced to 64 months of confinement with the Bureau, and was remanded into the custody of the United States Marshal. *Id.* The Board received official verification of Brown's federal conviction five days after sentencing. *Id.* at 1022-23. He remained in federal custody until the expiration of his federal sentence, at which time he returned to the

6

custody of the Board and a parole revocation hearing was held within 120 days thereafter. *Id.* at 1023.

This Court rejected Brown's argument that his parole revocation hearing was untimely, holding that under the Board's regulations,

> when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a[n] SCI regardless of when the Board received official verification of a parolee's new conviction.

*Id.* at 1025. The Court also rejected Brown's argument that the Board had the ability to obtain him from federal custody based upon its detainer, explaining

> Brown was **already unavailable to the Board** when he ple[aded] guilty and was sentenced, as well as when it received official verification of his conviction. The Board could not have acquired Brown until after his release from federal custody[.] Under these circumstances, we are not persuaded by Brown's argument that Section 71.4(1)(i) of the regulations is inapplicable based on Section 6138(a)(5.1)[.]

*Id.* at 1027 (emphasis in original).

Notwithstanding Moody's arguments, this matter is squarely on point with *Brown*. Here, the record establishes that Moody was in federal custody both before and after his federal sentencing, as well as when the Board received official verification of Moody's federal conviction, as was the case in *Brown*. "[T]he Board does not have 'the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator.'" *Dill*, 186 A.3d at 1046 (quotation omitted). Under the facts of this case, we find *Brown* to be controlling and therefore reject Moody's argument that he was available to the Board prior to

7

his release from the Bureau's custody. *See id.*; *see also Caldwell v. Pa. Parole Bd.* (Pa. Cmwlth., No. 882 C.D. 2022, filed Nov. 30, 2023); *Hill v. Pa. Parole Bd.* (Pa. Cmwlth., No. 148 C.D. 2022, filed Feb. 22, 2023); *Williams v. Pa. Parole Bd.* (Pa. Cmwlth., No. 152 C.D. 2021, filed Dec. 16, 2021).[4] Further, because a panel revocation hearing was held within 120 days of when Moody first became available to the Board, we find that Moody's timeliness argument lacks merit. *Brown*; *Dill*, 186 A.3d at 1045 ("The Board's regulation [37 Pa. Code § 71.4(1)(i)] is clear. So long as a parolee is in federal custody, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to state custody, regardless of when the Board received official verification of his new conviction.").

Moody's reliance on *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), is misplaced as that case is factually distinguishable.[5] There, the parolee was arrested and indicted by federal authorities for wire fraud while he was on parole with the Board. Unlike Moody, however, Fumea posted bond on his federal charges. *Id.* at 611. The Board subsequently detained Fumea pending disposition of those charges, but he was released to the community after the expiration of his maximum sentence. *Id.* Fumea remained on bond through his federal jury trial in July 2011, at which he was found guilty of conspiracy, until his sentencing in November 2011. While a Board agent was

---

[4] These unreported panel decisions are cited for their persuasive value, as they are factually similar to this matter, and all found *Brown* to be controlling. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

[5] Also distinguishable is this Court's recent decision in *Daniels v. Pennsylvania Parole Board*, ___ A.3d ___ (Pa. Cmwlth., No. 520 C.D. 2023, filed Oct. 4, 2024). As in *Fumea*, the *Daniels* Court found that the Board's revocation hearing was not timely, and the custodial exception found in 37 Pa. Code § 71.4(1)(i) did not apply, because the parolee was released from his federal pretrial detention and therefore was not confined during the relevant time frame in another jurisdiction. This Court's decision in *Daniels* was issued after Moody's petition had been fully briefed.

present at Fumea's sentencing and the Board issued a warrant to detain him that same day, the Board failed to take him into custody, and he was instead remanded to the custody of the United States Marshal. In December 2014, Fumea was released from federal custody after serving his federal term and was returned to an SCI. The *Fumea* Court held that, despite the expiration of his maximum date, the Board retained jurisdiction to recommit Fumea as a CPV pursuant to Section 6138(a)(1) of the Parole Code, and he became available to the Board upon his conviction in federal court. *Id.* at 616.

This Court distinguished *Fumea* in *Brown*, noting that the Board had "actual knowledge of [Fumea's] conviction, as evidenced by the agent's presence at his sentencing hearing[.]" *Brown*, 184 A.3d at 1027. More importantly, Fumea was not in federal custody from the time of his guilty verdict up until his sentencing hearing, so he was available to the Board at that time. *Id.* Here, Moody undisputedly remained in federal custody from the date he was charged until January 23, 2023, when he returned to an SCI. Therefore, Moody was unavailable to the Board during that time and *Fumea* is inapplicable. *See Brown*; *Caldwell*.

Accordingly, the order of the Board is affirmed, the motion to withdraw as counsel is granted,[6] and the application to expedite is dismissed as moot.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] In her motion, Counsel avers that Moody has expressed his desire to represent himself going forward and asked that Counsel file the motion to withdraw. Before filing her motion, Counsel had fully briefed this appeal on the merits.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Moody, :
                  Petitioner :
                        :
      v. : No. 1277 C.D. 2023
                        :
Pennsylvania Parole Board, :
              Respondent :

## O R D E R

AND NOW, this 8th day of November, 2024, the order of the Pennsylvania Parole Board is AFFIRMED. The motion to withdraw as counsel is GRANTED and the application to expedite is DISMISSED as MOOT.

 

                                        _____

                                        **BONNIE BRIGANCE LEADBETTER,**
                                        President Judge Emerita