IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Law,                           :
                    Petitioner        :
                                      :
        v.                            :   No. 430 C.D. 2023
                                      :
Pennsylvania Parole Board,            :
                    Respondent        :   Submitted:  November 7, 2024

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED:  December 17, 2024

Justin Law (Petitioner) petitions this Court for review of the April 19, 2023 order of the Pennsylvania Parole Board (Board), which dismissed Petitioner's administrative remedies request as untimely.  Petitioner's appointed counsel, Rose Semple, Esquire (Counsel), has filed an Application to Withdraw her representation of Petitioner, having determined that no factual or legal arguments exist to support the Petition for Review (PFR).   After review, we grant Counsel's Application to Withdraw and affirm the Board.

## I.  Background

On June 20, 2017, the Board granted Petitioner parole from carceral sentences imposed for violations of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act.[1]  At that time, Petitioner's maximum sentence date was

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).  Section 13(a)(30) prohibits the manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance.

May 25, 2023. The Board declared Petitioner delinquent on June 12, 2019, and issued a detainer on October 3, 2019, following Petitioner's arrest by the Federal Bureau of Investigation for various drug-related offenses. On December 5, 2019, Petitioner pleaded guilty to 1 federal count of conspiracy to possess with the intent to distribute 100 grams or more of heroin.

Thereafter, the Board scheduled a parole revocation hearing for July 28, 2020, at which Petitioner waived his right to appear. On August 21, 2020, the Board issued a decision to recommit Petitioner to a state correctional institution (SCI) as a convicted parole violator (CPV) to serve a term of 18 months, "when available," pending Petitioner's sentencing on the federal conspiracy conviction and Petitioner's "return to a[n SCI]." Certified Record (C.R.), Item no. 9. The Board's August 21, 2020 decision advised Petitioner that he could appeal by filing a request for administrative relief within 30 days of the date he received the decision. Petitioner was ultimately sentenced to a term of eight years for the federal conspiracy conviction.

In a letter to the Board postmarked on April 4, 2023, Petitioner asserted that his 18-month CPV sentence and 8-year federal sentence were ordered to run concurrently. Petitioner advised that he recently became aware that he would not receive credit for the 18-month CPV sentence while he remained in federal custody. Therefore, Petitioner requested a transfer to a state correctional facility so that his federal and state sentences would run concurrently.

The Board issued a decision on April 19, 2023, which treated Petitioner's April 4, 2023 letter as an administrative remedies request appealing the Board's August 21, 2020 decision. Because Petitioner filed his appeal more than two years after August 21, 2020, the Board rejected his request as untimely.

In a subsequent letter postmarked on April 28, 2023, Petitioner asked the Board whether his 18-month CPV sentence was running concurrent with his federal sentence. In a response mailed on May 8, 2023, the Board noted that Petitioner could not begin serving his 18-month CPV sentence while he remained in federal custody. Upon completion of his federal sentence, the Board would issue a determination regarding any credit Petitioner was owed. Until that time, the Board deemed Petitioner's credit request premature, and it declined to take any further action on his correspondence. Petitioner requested reconsideration in an administrative remedies request postmarked May 17, 2023. In a response mailed on June 6, 2023, the Board dismissed Petitioner's request for relief, noting that the Board's May 8, 2023 response "served as a final adjudication" of Petitioner's April 4, 2023 appeal. C.R., Item No. 13.

Petitioner filed his PFR with this Court on May 2, 2023, arguing that his administrative remedies request was not untimely, and that the Board has the "duty, ability[,] and legal authority" to "process" his 18-month CPV sentence concurrently with his federal prison sentence. PFR at 1. Petitioner notes that the Board's decision indicates he would serve his 18-month CPV sentence "when available." *Id.* at 4. Petitioner asserts that he has always been "available" for the Board to return him to an SCI in Pennsylvania. He claims that "no live controversy" existed until the Board denied his April 4, 2023 request and, therefore, his administrative remedies request was timely. *Id.* at 2. Despite being in federal custody, Petitioner maintains that he is a prisoner of the Commonwealth until his state sentence has been completed. Thus, Petitioner asserts, the Board has the authority to "pluck" him from federal prison and transfer him to an SCI in the Commonwealth. *Id.* at 6. Alternatively,

3

Petitioner suggests that the Board could give Petitioner credit for the CPV sentence while he remains in federal custody.

Petitioner further argues that the Board's authority under 37 Pa. Code § 71.5(a) to defer matters when a parolee is in federal custody conflicts with Section 6138(a)(5.1) of the Prisons and Parole Code (Code),[2] which states that, where a parolee is sentenced to a federal term of confinement, "the offender shall serve the balance of the original sentence before serving the new term."[3]  Petitioner suggests that this conflict renders Section 71.5(a) invalid.

Counsel filed her Application to Withdraw, along with a "no-merit" letter, on January 1, 2024.[4]  Counsel avers that, after investigating the matter and speaking with Petitioner, she has determined that Petitioner's administrative remedies request has no merit and that no legal basis exists to challenge the Board's determination. Counsel notes that Petitioner's April 4, 2023 letter to the Board was mailed more than two years after the Board issued its August 21, 2020 decision.  Because Section 73.1(a)(1) of the Special Rules of Administrative Practice and Procedure (Rules), 37 Pa. Code § 73.1(a)(1), requires that an appeal from the Board's decision must be received within 30 days of the decision's mailing date, Petitioner's administrative remedies request was untimely.  Counsel states that she is unaware of any fraud or administrative breakdown that would excuse the untimeliness.  Therefore, she

---

[2] 61 Pa.C.S. § 6138(a)(5.1).

[3] Petitioner also cites to 18 U.S.C. § 3621(b), which sets forth criteria for the placement of prisoners by the Federal Bureau of Prisons.  The relevance of Section 3621(b) is unclear, as it does not establish any duty or power of the Board.

[4] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

concludes that no grounds exist for granting the relief sought in Petitioner's PFR. In addition, Counsel notes that a final determination on Petitioner's right to a credit against his federal sentence will be made once Petitioner is returned to a Pennsylvania SCI. Therefore, Petitioner's request for relief is premature.

## II. Discussion

Before addressing Petitioner's arguments, we must review Counsel's Application to Withdraw and the no-merit letter she filed in support thereof. In order to withdraw, appointed counsel who wishes to withdraw must file a no-merit letter detailing the nature and extent of her review of the case, listing the issues the petitioner wishes to have reviewed, and explaining why and how those issues lack merit. *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 670 (Pa. Cmwlth. 2018) (internal citations omitted). Counsel must also serve the petitioner with copies of the no-merit letter and the application to withdraw, along with a statement advising the petitioner of the right to proceed *pro se* or to obtain substitute counsel. If counsel's no-merit letter satisfies these technical requirements, this Court will conduct its own review of the merits of the petitioner's claims.

Instantly, Counsel's no-merit letter explains that Petitioner sought administrative relief from the Board's August 21, 2020 decision in a letter postmarked on April 4, 2023. The Board rejected Petitioner's request as untimely, as it was not filed within the 30-day timeframe established in 37 Pa. Code § 73.1. Counsel has not discovered any evidence of fraud or an administrative breakdown that would excuse the untimeliness of Petitioner's administrative remedies request. Counsel also notes that, even if Petitioner's request had been timely filed, he would not be entitled to relief. Because Petitioner is currently in federal custody, he is unavailable to begin service of his original sentence. Counsel posits that the Board

5

will make a determination regarding Petitioner's right to a credit at that time. Therefore, Petitioner's request is premature. Counsel filed a certificate of service certifying that she served Petitioner with copies of the no-merit letter and the Application to Withdraw, as well as this Court's January 16, 2024 Order advising Petitioner that he could either obtain substitute counsel or file a brief on his own behalf.

Based on the above review, we conclude that Counsel has satisfied the technical requirements for a no-merit letter. We therefore turn to the merits of Petitioner's arguments.

Regarding the timeliness of Petitioner's administrative remedies request, Petitioner does not deny that he first sought relief from the Board's August 21, 2020 order more than two years later, in a letter postmarked April 4, 2023, and he has not alleged that he never received the Board's decision. Instead, Petitioner denies that his request was untimely, suggesting that his appeal of the Board's August 21, 2020 decision was not subject to any time limitation because he was "available" for transfer to a Pennsylvania SCI.

We agree with Counsel that this argument is utterly lacking in merit, as it ignores the 30-day appeal period set forth in 37 Pa. Code § 73.1, and the express notice included in the Board's decision that a request for administrative relief must be filed within 30 days of the date Petitioner received the Board's decision.

Petitioner's argument that the Board has the authority to simply remove him from federal custody or to run his 18-month CPV sentence concurrently with his federal sentence also lacks merit. Under Section 71.5(a) of the Board's regulations, 37 Pa. Code § 71.5(a), where a parolee is in federal custody, the Board's duty to act beyond issuing a detainer is deferred until the parolee is returned to an SCI,

6

regardless of when the Board was notified of the parolee's new conviction. *Stroud*, 196 A.3d at 673 (internal citations omitted). This Court has repeatedly reviewed and rejected Petitioner's argument that the Board has the authority under Section 6138(a)(5.1) of the Code to simply retrieve Petitioner from federal custody for the purpose of recommitting him as a CPV to serve the remainder of his state sentence. *Id. See also Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1046 (Pa. Cmwlth. 2018) (Section 6138(a)(5.1) of the Code does not make a parolee available to the Board prior to his release from the federal prison system); *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1027 (Pa. Cmwlth. 2017) (parolee was unavailable to the Board when he pleaded guilty and was sentenced and the Board lacked authority to acquire parolee from federal custody).

### III.  Conclusion

Counsel has fulfilled the technical requirements for withdrawing her representation, and our independent review of the record before the Board reveals that Petitioner's issues are without merit. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's decision.

ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Law,                          :
                    Petitioner       :
                                     :
        v.                           :  No. 430 C.D. 2023
                                     :
Pennsylvania Parole Board,           :
                    Respondent       :

# **O R D E R**

AND NOW, this 17th day of December, 2024, the April 19, 2023 order of the Pennsylvania Parole Board is hereby AFFIRMED. The Application to Withdraw filed by Rose Semple, Esquire, is hereby GRANTED.

_____

ELLEN CEISLER, Judge