Curtis Scott, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 19, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott F. Breidenbach,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, September 11, 1985:

Curtis Scott appeals from a denial of administrative relief by the Pennsylvania Board of Probation and Parole. The board ordered that Scott be recommitted, as a convicted parole violator, for a total of forty months backtime, reviewable in 1984. Scott

contends, citing 37 Pa. Code §71.4(2), that the parole board failed to afford him a revocation hearing within 120 days after the conviction date. Scott also contends that the regulatory exceptions to the 120-day period do not account for all of the time between his date of conviction and the date of the parole hearing, and the amount of untolled time exceeds the 120-day limit. We affirm.

Although Scott's appeal alleges that a violation of the 120-day rule occurred, we must first dispose of his motion to strike portions of the record. Scott's motion requests deletion of pages 13, 16 and 19 of the certified record because, he alleges, they contain hearsay evidence, and because his counsel was not aware that the pages were entered into the record pursuant to the hearing.

As to pages 13 and 16, we grant Scott's motion. These pages deal with substantive evidence, and in the transcript of the full board revocation hearing, there is no mention of either page. In *Grubbs v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 464, 481 A.2d 1390, 1391 (1984), we stated:

> It is true that this Court does insist upon a complete record in every case but the Court expects that the record will be developed at the administrative hearing, not at the appellate level. For the same reason, we do not believe the documents constitute a part of the 'proceedings' within the meaning of that term as used in Pa. R.A.P. 1951(a).

As to page 19, however, we must deny Scott's motion. That page is the hearing examiner's report, properly part of an earlier proceeding in this same case and accordingly has been part of the record papers in these parole proceedings.

With the record thus corrected, we now deal with Scott's interpretation of 37 Pa. Code §71.4(2). This section states:

(2)  The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:

(i)  If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility.

In his brief, Scott contends that he was not outside the jurisdiction of the Pennsylvania Bureau of Correction and that, therefore, the exceptions in section 71.4(2)(i) do not apply. He further contends, in his brief, that "the only time excluded from the 120-day period is time which was excluded under 37 Pa. Code §71.5(i)(1) as a result of Petitioner's unavailability."

Upon the facts in this appeal, and the code section cited, the contentions are unfounded. Section 71.4 (2)(i) deals with situations where a parolee is confined in such a manner as to place him outside the jurisdiction of the Pennsylvania Bureau of Correction. *Hammond v. Pennsylvania Board of Probation and Parole,* 40 Pa. Commonwealth Ct. 14, 396 A.2d 485 (1979), cited by Scott in support of his contention, is distinguishable. There we interpreted section

71.4(2)(i) as counting, for the 120-day limit, a period of confinement in a county correctional institution where the confinement is at the request of the board. There is no evidence demonstrating that to be the situation here.

Philadelphia police arrested Scott on December 6, 1977 and charged him with robbing a bank on October 21, 1977. Pursuant to a December 14 preliminary hearing before state authorities, a prima facie case was established, but jurisdiction was surrendered to federal authorities. On December 15, 1977 a federal magistrate conducted a hearing and held Scott for federal court. On March 14, 1978, Scott pleaded guilty to the bank robbery charge, and the federal court sentenced him on April 17, 1978. On April 26, federal authorities transferred Scott to a Federal Correctional Center. On July 24, 1981, federal authorities released Scott to state custody and the board held a parole revocation hearing 96 days thereafter, on October 28, 1981.

Although the board issued a warrant on December 16, 1977, there is no evidence in the record that Scott remained in prison solely as a result of the board warrant. Similarly, there is no evidence that federal authorities, after holding Scott for court in December 1977, released him at any time before he concluded his federal sentence in 1981. Such a circumstance is clearly within 37 Pa. Code §71.5(c) which defers all other matters in connection with a hearing, with the exception of a possible board detainer being lodged, until the parolee has been returned to a state correctional facility.

Under the circumstances here, Scott was not within the jurisdiction of the Pennsylvania Bureau of Correction, as stated in section 71.4(2)(i), and the 120-day period in this case did not begin to run until Scott returned to a state correctional facility in Penn-

sylvania after having served his federal prison term. That federal authorities held Scott in a county prison in Pennsylvania does not diminish the effect of their custody over him at the times in question.

Accordingly, we affirm.

### ORDER

Now, September 11, 1985, petitioner Curtis Scott's motion to strike the record is granted in part and denied in part. Pages 13 and 16 are struck from the certified record and page 19 is retained as part of the certified record. The order of the Pennsylvania Board of Probation and Parole recommitting petitioner Scott is affirmed.