**Robert A. EDWARDS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 19, 1999.

Decided May 1, 2000.

Robert A. Edwards, petitioner, pro se.

Robert A. Greevy, Harrisburg, for respondent.

Before PELLEGRINI, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Before this court in its original jurisdiction are the preliminary objections in the nature of a demurrer by the Pennsylvania Board of Probation and Parole (Board) to the petition of Robert A. Edwards. Edwards has petitioned this court for a writ of mandamus directing the Board to remove a detainer warrant filed against him as a convicted parole violator based upon the Board's failure to hold a timely revocation hearing.

In 1973, the Commonwealth convicted Edwards of first-degree murder and incarcerated him at State Correctional Facility–Graterford until his parole in 1988. In 1995, the federal government convicted Edwards on wire fraud charges. The Board issued a warrant to obtain custody of Edwards following his federal prison term pursuant to his parole violation. On March 13, 1997, less than two weeks before his release date on the wire fraud case, Edwards was indicted on federal money laundering charges. On March 25, 1997, he was released from his incarceration for the original federal conviction and arraigned on the new federal charge. He was then transferred to Curran–Frumhold County Correctional Facility and by August of 1997 had again been transferred to the Lehigh County Prison. On July 24, 1997, Edwards pled guilty to the federal money laundering charges and, on December 23, 1997, he was sentenced to serve 84 months at a federal correctional institution. He is currently serving this sentence at the Federal Correctional Institution at Beckley, West Virginia. The Board issued a warrant to obtain custody of Edwards following his completion of the second federal prison term. Although he has been held in a number of different facilities, it is clear from the averments of Edwards' petition that he has been in continuous federal custody either as a pretrial detainee or as a convicted prisoner since his first federal arrest, and that neither of the Board's warrants was ever executed.

By letter dated March 27, 1997, Edwards informed Chairman of the Board Mullen of his incarceration at Curran–Frumhold County Correctional Facility and of his waiver of the right to a full-panel revocation hearing. On August 1, 1997, Edwards wrote to inform Mr. Mullen of his incarceration at the Lehigh County Prison and of his waiver of the right to a full-panel revocation hearing. In support of his petition for a Writ of Mandamus, Edwards asserts that the March 27, 1997 letter waiving his right to a full-panel revocation hearing gave the Board jurisdiction over him and that the Board had a duty to hold a revocation hearing within 120 days pursuant to Section 71.4 of Title 37 of the Pennsylvania Code.

The Board filed preliminary objections in the nature of a demurrer contending that Edwards does not aver facts establishing that the 120–day period was triggered by his letter of March 27, 1997. The Board further contends that it was not required to conduct a revocation hearing until Edwards was physically returned to state prison.

To make out a claim in mandamus, Edwards must establish a clear legal right to relief, a corresponding duty in the Board to provide the relief sought and the want of any other adequate and appropriate remedy. *Feigley v. Department of Corrections,* 731 A.2d 220, 222 (Pa.Cmwlth. 1999). If the Board failed to conduct a parole hearing in a timely manner, Edwards is entitled to the dismissal of the parole violation charges. *Mack v. Board of Probation and Parole,* 654 A.2d 129, 130 (Pa.Cmwlth.1995). Section 71.4 of Title 37 of the Pennsylvania Code establishes the

requisite procedures for recommitment of a convicted parole violator as follows:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-state, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa.Code § 71.4(1). The above language does not make clear whether subsection (ii) is intended to apply to a prisoner lodged in a county facility by the federal authorities pending his federal trial and sentencing. However, such a prisoner is in federal custody regardless of his physical location. *Scott v. Board of Probation and Parole,* 91 Pa.Cmwlth. 564, 498 A.2d 31, 33 (1985). *See also Cameron v. Board of Probation and Parole,* 90 Pa.Cmwlth. 580, 496 A.2d 419 (1985). Although on its face § 71.4 appears to address solely the physical place of confinement, it would seem open to serious question whether state regulations can simply "deem" federal prisoners to be within the jurisdiction of state authorities. Moreover, § 71.5 provides that:

(a) If the parolee is in ... Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth.

To give meaning to both § 71.4 and § 71.5, we must interpret § 71.4(1)(ii) to apply only to state and county prisoners confined in county correctional institutions, not to federal prisoners. As a federal detainee, Edward's waiver of his right to a full-panel hearing did not trigger the 120–day period under § 71.4(1).

Accordingly, the preliminary objections of the Board in the nature of a demurrer are sustained.

## *O R D E R*

AND NOW, this 1st day of May, 2000, the preliminary objections of the Pennsylvania Board of Probation and Parole in the above-captioned matter are sustained and the within Petition for Writ of Mandamus is dismissed.