IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone D. Jones, II,          :
                                    : No. 2484 C.D. 2015
                   Petitioner    : Submitted: May 6, 2016
                                    :
              v.                :
                                    :
Pennsylvania Board of Probation  :
and Parole,                  :
                                    :
                 Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: July 28, 2016

Tyrone D. Jones, II (Jones) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal. Jones asserts that the Board did not afford him a timely parole revocation hearing. In addition, he argues that the Board erred by relying on hearsay evidence alone to establish a parole violation. Upon review, we affirm.

In 2001, Jones was found guilty of six counts of Manufacture, Sale, Deliver or Possession with Intent to Deliver a Controlled Substance. He was sentenced to six concurrent terms of one year and three months to five years in a state correctional institution (SCI). Certified Record (C.R.) at 1. His minimum sentence date was March 15, 2004 and his maximum sentence date was December 15, 2007. C.R. at 1.

On April 26, 2004, the Board released Jones on parole. C.R. at 30. On June 14, 2005, while at liberty on parole, Jones was arrested by Harrisburg City Police and the federal Drug Enforcement Agency on new criminal charges. C.R. at 47. County authorities initially charged Jones and confined him in Dauphin County Prison. C.R. at 33-34. The Board lodged its detainer on June 15, 2005. C.R. at 31.

On July 20, 2005, the United State District Court for the Middle District of Pennsylvania (district court) indicted Jones on federal charges stemming from the June 14, 2005 incident and detained him pending trial. C.R. at 92. As a result of the federal charges, county authorities withdrew their charges on August 9, 2005. C.R. at 34.

On November 16, 2005, Jones entered a plea agreement in which he agreed to plead guilty in district court to Possession with Intent to Manufacture and Distribute Cocaine Base and Marijuana and Contempt of Court. C.R. at 95. On April 17, 2006, the district court accepted Jones' guilty plea and sentenced him to serve a total of 246 months. On July 17, 2006, the Board issued a warrant to arrest and detain Jones based on the federal conviction. C.R. at 44.

In 2008, the district court reduced Jones' sentence to 132 months. C.R. at 97. On March 25, 2015, federal authorities released Jones to the custody of the Pennsylvania Department of Corrections (Department). C.R. at 45.

Jones returned to an SCI on March 31, 2015. Jones did not waive his right to a panel revocation hearing. C.R. at 57. On June 9, 2015, the Board conducted a panel hearing, wherein Jones and State Parole Supervisor Justin Schaup (Supervisor) both testified. Jones, who was represented by counsel, acknowledged he was convicted of the new offenses. C.R. at 73, 82. He testified

2

that he served his federal sentence in Maryland and successfully participated in rehabilitation treatment programs during his confinement. C.R. at 82.

Supervisor acknowledged that the Board received official verification of the federal conviction on April 21, 2006. C.R. at 78. However, Supervisor testified that Jones was unavailable to the Board for recommitment before his release from federal custody in March 2015. C.R. at 75-76. Supervisor offered the federal sentencing order and criminal docket as proof of conviction, without objection. C.R. at 75; *see* C.R. at 37-43, 91-98.

Based on the evidence presented, the Board revoked Jones' parole. By decision mailed August 5, 2015, the Board recommitted Jones as a convicted parole violator to serve 18 months backtime based on the federal conviction. C.R. at 102. The Board recalculated Jones' maximum sentence date from April 26, 2004 to September 18, 2018. C.R. at 102.

In response, Jones filed an administrative appeal on the basis that the Board did not conduct a timely revocation hearing and the Board improperly relied on hearsay evidence. The Board denied the appeal. Jones now petitions for review in this Court.[1]

Jones argues the Board erred by not providing him with a timely parole revocation hearing. The Board detained Jones for 10 months between the Board's initial detainer lodged on June 15, 2005, and federal sentencing on April 17, 2006. Yet, the Board did not hold a parole revocation hearing or provide an

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

3

opportunity to waive such a hearing. Instead, Jones maintains, the Board waited almost a decade after it received official verification of his parole violation to hold a hearing. Jones claims that the Board cannot justify this unreasonable delay by asserting that the 120-day timeline, set forth in 37 Pa. Code §71.4(1)(ii), did not begin to run until he completed his federal prison sentence. In addition, he contends that the Board erred when it relied solely on hearsay evidence to establish a parole violation.

### 1. Timeliness of Revocation Hearing

"When the timeliness of a hearing is challenged, the Board bears the burden of proving by a preponderance of the evidence that the hearing was timely." *Ramos v. Pennsylvania Board of Probation and Parole*, 954 A.2d 107, 109 (Pa. Cmwlth. 2008). If the Board fails to conduct a parole hearing in a timely manner, the parolee is entitled to the dismissal of the parole violation charges. *Id.* at 110; *Edwards v. Pennsylvania Board of Probation and Parole*, 751 A.2d 717, 718 (Pa. Cmwlth. 2000), *affirmed*, 791 A.2d 1154 (Pa. 2002).

Under the Board's regulations, the Board must hold a revocation hearing within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level. 34 Pa. Code §71.4(1). "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1. However,

> **If a parolee is confined outside the jurisdiction of the Department of Corrections**, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation

4

> hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [314 A.2d 842 (Pa. 1973)], **the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility**.

34 Pa. Code §71.4(1)(i) (emphasis added). In addition, "[a] parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver." 34 Pa. Code §71.4(1)(ii). Finally, Section 71.5(a) provides: "If the parolee is ... in Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa. Code §71.5.

In *Edwards*, this Court examined Sections 71.4 and 71.5 in determining whether the Board held a timely revocation hearing. There, the parolee was indicted on new federal criminal charges. Pending trial, he was incarcerated in several different counties. While confined in a county prison, the parolee waived his right to a full-panel revocation hearing. Despite his confinement in a county prison and his waiver of a panel hearing, the parolee was at all times a federal detainee. *Edwards*, 751 A.2d at 719. We opined that Section 71.4(1)(ii)'s waiver provision only pertained to state and county prisoners confined in county prisons, not those held in federal custody. *Id*. Consequently, because the parolee was a federal detainee, his waiver of his right to a full-panel hearing did not trigger the 120-day period under Section 71.4(1). *Id*.

Here, Jones was arrested on June 14, 2005, by federal and county authorities for the same drug-related activity. The Board lodged a detainer on June 15, 2005, pending disposition of the criminal charges. C.R. at 31. Once the

5

district court indicted Jones on the federal charges, county authorities withdrew their charges on August 9, 2005. C.R. at 34. Jones remained in a county correctional facility on the Board and federal detainer, pending disposition of the federal charges.

Eventually, Jones pled guilty in district court on April 17, 2006, and was sentenced that same day. C.R. at 40. Upon sentencing, the district court committed Jones to the custody of the federal Bureau of Prisons to serve his sentence in a federal correctional institution.[2] C.R. at 38.

Supervisor testified that the Board received official verification of the guilty plea on April 21, 2006. C.R. at 78. The Board issued a warrant for Jones based on this conviction on July 17, 2006. C.R. at 46. However, Jones was under federal custody and he was not there under a temporary writ. Thus, he was outside the jurisdiction of the Department. As a result, the Board was required to hold the revocation hearing within "120 days of the official verification of the return of the parolee to a State correctional facility." 34 Pa. Code §71.4(1)(i).

Federal authorities did not release Jones to the Department's custody until March 25, 2015. C.R. at 45. Jones returned to Pennsylvania on March 31, 2015. The Board held a hearing on June 9, 2015, which is 72 days from the March 25, 2015, official verification of his release. C.R. at 67. As the hearing was held within "120 days of the official verification of the return of the parolee to a State correctional facility," the hearing was timely. 34 Pa. Code §71.4(1)(i).

---

[2] We note that Jones was sentenced prior to the enactment of Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(5.1), which requires a parolee sentenced to a new term of incarceration by a federal court to serve the balance of his original state term before serving the new federal sentence.

6

Although the Board initially detained Jones in June 2005, the Board could not schedule or hold a revocation hearing until the disposition of the federal charges. *See* 37 Pa. Code §71.4. The official verification of Jones' guilty plea on April 21, 2006, triggered the necessity of a revocation hearing. *See id.* However, because Jones was in federal custody and was unavailable to the Board, the Board could not hold a revocation hearing until his return. *See* 34 Pa. Code §71.4(1)(i).

Insofar as Jones argues that he should have been given an opportunity to waive a panel hearing during his initial detention, this would not have made any difference because he was a federal detainee. *See Edwards*. More particularly, waiver of a panel hearing would have not triggered the 120-day period or otherwise bestowed jurisdiction to the Board. *See Edwards*. Thus, the Board properly deferred the hearing until Jones' return to an SCI. *See id.*; 37 Pa. Code §71.5.

Notwithstanding, Jones maintains that the Court should still find the hearing untimely on policy grounds. Jones asserts that the Board cannot justify the near decade delay in holding the revocation hearing. Jones claims that the delay prejudiced him by hindering his ability to present a legal defense to his alleged parole violation so many years after the fact. While this Court recognizes Jones' frustration caused by the delay, we are not swayed by Jones' argument. Jones' argument disregards the fact that he was confined in federal custody, outside the jurisdiction of the Department, when the Board received official verification of his conviction. Moreover, we are not persuaded that the delay caused Jones any prejudice to his defense, particularly where he admitted to the conviction of a new crime.

## 2. Hearsay Evidence

Next, Jones contends that the Board erred when it relied solely on hearsay evidence to establish that he committed a parole violation. The Board responds that Jones waived this issue by not raising it before the Board. We first address the waiver issue.

At the hearing, Supervisor presented the federal sentencing order as proof of conviction, without objection. Supervisor also testified that the Board received official verification of the federal conviction on April 21, 2006. C.R. at 78. Although Jones now claims on appeal that this testimony and documentary evidence is hearsay and cannot support a parole violation, Jones did not object to this evidence at the hearing or raise this issue before the Board. Consequently, the issue is waived. *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal.").

Notwithstanding waiver, we still reject Jones' argument. Even assuming that the Supervisor's testimony and the federal sentencing order constituted hearsay evidence,[3] Jones himself admitted that he was convicted of one count of Possession with Intent to Manufacture and Distribute Cocaine Base and Marijuana. C.R. at 72-74. Jones also testified that he was incarcerated in a federal facility in Maryland for this new crime. C.R. at 82. There is no dispute that the

---

[3] Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted. Pa. R.E. 801(c). "While hearsay may be admitted in probation and parole revocation hearings, a decision to recommit a parolee ... may not be based solely on hearsay evidence." *Grello v. Pennsylvania Board of Probation and Parole*, 477 A.2d 45, 46 (Pa. Cmwlth. 1984).

8

offense, which led to the conviction, occurred on June 14, 2005, during Jones' liberty on parole. Jones' testimony is not hearsay, and it supports the Board's determination that Jones was convicted of a new crime in violation of his parole. *See Heckrote v. Pennsylvania Board of Probation and Parole*, 465 A.2d 118, 119 (Pa. Cmwlth. 1983) (petitioner's admission that he entered a guilty plea and was convicted of new offenses supported the Board's recommission of him as a convicted parole violator). Thus, we find no error in the Board's recommitment of Jones as a convicted parole violator.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone D. Jones, II,                          :
                                              : No. 2484 C.D. 2015
                   Petitioner                 :
                                              :
            v.                                :
                                              :
Pennsylvania Board of Probation               :
and Parole,                                   :
                                              :
                   Respondent                 :


## O R D E R

AND NOW, this 28<u>th</u> day of <u>July</u>, 2016, the order of the Pennsylvania

Board of Probation and Parole, dated November 10, 2015, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge