# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cameo Witherspoon,      :
         Petitioner      :
                   :    No. 207 C.D. 2024
       v.               :
                   :    Submitted: November 7, 2024
Pennsylvania Parole Board,      :
         Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED: December 20, 2024**

Cameo Witherspoon (Petitioner), proceeding *pro se*, has petitioned this Court to review a decision by the Pennsylvania Parole Board (Board), mailed January 24, 2024, denying administrative relief from his recommitment as a convicted parole violator (CPV). He argues that the Board (1) violated his due process rights by failing to timely hold a revocation hearing and (2) failed to give him proper credit under Section 6138(a)(5.1) of the Prisons and Parole Code (Parole Code),[1] 61 Pa.C.S. § 6138(a)(5.1). After careful review, we affirm the Board's decision.

---

[1] Prisons and Parole Code, 61 Pa.C.S. §§ 101-6309.

# I. BACKGROUND[2]

Petitioner was sentenced in Allegheny County to serve 7 ½ years to 15 years on robbery charges in August of 2013. Sentence Status Summ., 10/3/13, at 1-2. Petitioner was released from a state correctional institution (SCI) on March 2, 2019, with a maximum date of May 3, 2026. At the time of his release, Petitioner had 2,619 days remaining on his original sentence.

Due to a failure to report to Board authorities, an unauthorized change of residence, and his whereabouts being unknown, the Board declared Petitioner delinquent effective September 3, 2019. Bd. Action Recorded, 10/10/19. Petitioner's whereabouts remained unknown until he was arrested on new criminal charges by local authorities in Allegheny County on July 6, 2021. The Board lodged a detainer on him that same day. Ultimately, these state charges were dismissed pending a federal prosecution, but the Board detainer remained in place.

On September 14, 2021, federal authorities arraigned Petitioner in the United States District Court for the Western District of Pennsylvania on firearms charges. Petitioner did not post bail. Then, on October 27, 2022, Petitioner entered a change of plea on the federal charges from not guilty to guilty. *See U.S. v. Witherspoon*, Crim. Docket No. 2:21-cr-00344-CCW-1, at 16 (unpaginated) (Certified R. (C.R.) at 88). On April 4, 2023, the district court sentenced Petitioner on the federal charges. *See* U.S. Dist. Ct. Judgment, 4/4/23 (C.R. at 50). He was subsequently returned from federal custody to SCI-Greene on April 12, 2023.

On June 22, 2023, Petitioner requested a panel revocation hearing. Then, on August 2, 2023, the Board conducted a panel revocation hearing and voted

---

[2] Unless otherwise stated, we base the recitation of facts on the Board's response to Petitioner's administrative remedies form, which is supported by the record. *See* Response to Admin. Remedies Form, 1/24/24, at 1-3.

to revoke Petitioner's parole the next day. *See* Revocation Hr'g Report., 8/3/23; C.R. at 62-72. On August 16, 2023, the Board rendered a decision revoking Petitioner's parole and recommitting him as a CPV to serve 24 months. *See* Notice of Bd.'s Decision, mailed 8/28/23. Petitioner did not receive credit for time spent at liberty on parole, but he did receive 70 days of credit from July 6, 2021, through September 14, 2021, when he was detained solely on the Board's warrant. Thus, his maximum date was recalculated to be March 27, 2030.

After receiving the Board's decision, Petitioner filed for administrative relief, arguing that (1) the Board failed to hold a hearing pursuant to the Board's warrant, (2) the Board did not hold a timely revocation hearing, (3) the Board did not give him full credit owed when recalculating his maximum date, and (4) his reparole eligibility date is incorrect. The Board affirmed the panel decision on January 24, 2024, and Petitioner timely petitioned this Court for review.

## II. ISSUES

Petitioner has presented two issues for our consideration. Pet'r's Br. at 4. First, he contends that the Board failed to conduct a timely revocation hearing, depriving him of due process. *See id.* Second, Petitioner asserts that the Board failed to give him proper credit under Section 6138(a)(5.1) of the Parole Code while incarcerated under the Board's "primary jurisdiction."[3] Pet'r's Suppl. Br. at 2 (unpaginated).

---

[3] Petitioner cites Section 6138(a)(5) but quotes Section 6138(a)(5.1) of the Parole Code. *See* Pet'r's Suppl. Br. at 2-3. The latter section is relevant to Petitioner's claim. *See id.*

## III. DISCUSSION[4]

### A. Timeliness of Revocation Hearing[5]

Petitioner contends that the Board violated his due process rights by failing to conduct a timely revocation hearing. Pet'r's Br. at 8. He provides several reasons in support of his argument. First, he argues that the Board's failure to promptly obtain official verification of his return to state custody, based on the incorrect assumption that he was "unavailable," is not supported by evidence. *Id.* at 9-12. He also asserts that the Board neglected to exercise its jurisdiction over him, despite having the authority to do so. *Id.* at 12-14. Finally, Petitioner maintains that the 120-day time limit for holding a revocation hearing should have started running from the date of his guilty plea and continue to run, regardless of his custody status with federal authorities. *Id.* at 14-16.

It is well established that due process requires a parolee to "receive a timely hearing after he is taken into custody for a parole violation." *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1044 (Pa. Cmwlth. 2018). Generally, "[a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level." 37 Pa.C.S. § 71.4(1). "Official verification" of the plea of guilty is defined as the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was

---

[4] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. §§ 704.

[5] When a parolee alleges that the Board held a hearing beyond the 120-day period required by 37 Pa.C.S. § 71.4, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely. *Fitzhugh v. Pa. Bd. of Prob. & Parole*, 623 A.2d 376, 377 (Pa. Cmwlth. 1993); *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 (Pa. Cmwlth. 2008).

convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa.C.S. § 61.1.

However, "[i]f a parolee is confined outside the jurisdiction of the Department of Corrections [DOC], such as . . . confinement in a Federal correctional institution . . . where the parolee has not waived the right to a revocation hearing . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa.C.S. § 71.4(1)(i). If the parolee is in federal custody, "the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa.C.S. § 71.5(a). When determining the 120-day period, any delays caused by "[t]he unavailability of a parolee" will be excluded from the timeframe. 37 Pa.C.S. § 71.5(c)(1). Further, where a parolee is charged and convicted of a federal crime and held under federal jurisdiction either in a county prison in Pennsylvania or in a federal facility, the 120-day period does not begin until the parolee is released into state custody. *Scott v. Pa. Bd. of Prob. & Parole*, 498 A.2d 31, 33 (Pa. Cmwlth. 1985). Therefore, the 120-day period does not include any time the parolee spends outside the jurisdiction of the DOC.

Moreover, "when a parolee is in federal custody, confined in a federal facility, or otherwise unavailable, the Board's duty to hold a revocation hearing . . . is deferred until the parolee is returned to a SCI regardless of when the Board received official verification of a parolee's new conviction." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017); *see also Dill,* 186 A.3d at 1045. In *Brown*, the court found that since Brown was already in federal custody when he pleaded guilty and was sentenced, he was unavailable to the Board, and

thus did not become available until after Brown's release from federal custody. *Brown*, 184 A.3d at 1027. Additionally, "[t]he Board does not have 'the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator.'" *Dill*, 186 A.3d at 1046 (quoting *Santosusso v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 574 C.D. 2017, filed January 30, 2018), 2018 WL 615289, at *3).

In this case, Petitioner asserts that his revocation hearing on August 2, 2023, was untimely, as it occurred 279 days after he pleaded guilty to federal charges on October 27, 2022. *See* Pet'r's Br. at 9-10. Petitioner contends that the 120-day period should have commenced on October 27, 2022, rather than April 4, 2023, and that the Board is mistaken in claiming it received official verification of Petitioner's guilty plea on April 4, 2023. *Id.* at 10-12. On the other hand, the Board contends that the 120-day period did not commence until April 12, 2023, because it lacked jurisdiction over Petitioner until he was returned to SCI-Greene from federal custody. Resp't's Br. at 6-7.

Here, Petitioner was outside of DOC's jurisdiction beginning September 14, 2021, when he was held by federal authorities on federal charges through his judgment on April 4, 2023, because he did not post bail. However, Petitioner was not in state custody until April 12, 2023, when he was returned to SCI-Greene. Thus, Petitioner was in federal custody when he pleaded guilty on the new charges, which is outside of DOC's jurisdiction. 37 Pa. Code § 71.4(1)(i). Under these circumstances, the Board's duty to hold a revocation hearing was deferred until Petitioner returned to state custody, regardless of when exactly the Board received official verification of Petitioner's new conviction. *Brown*, 184 A.3d at 1025; *Dill,* 186 A.3d at 1045. Therefore, the 120-day period did not begin to toll

6

on October 27, 2022, or April 4, 2023, but rather April 12, 2023, when Petitioner returned to SCI-Greene from federal custody.

Petitioner asserts that the Board had "primary jurisdiction"[6] over him, but chose not to assert its jurisdiction, causing an unjustifiable and unreasonable delay in his revocation hearing. Pet'r's Br. at 10. This is not the case. The Board does not have the authority to "pluck" a "Pennsylvania parolee from the custody of another jurisdiction in order to recommit [them] to serve the remainder of the original sentence." *Brown*, 184 A.3d at 1027; *Santosusso*, 2018 WL 615289 at *3. As a result, like in *Brown*, Petitioner was "already unavailable" to the Board when he pleaded guilty, and when the Board received official verification. Again, Petitioner did not become available to the Board until he was returned to state custody on April 12, 2023. *See Scott*, 498 A.2d at 33.

Further, Petitioner's reliance on *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), is misplaced, as it is factually distinguishable. In *Fumea*, similar to Petitioner, the parolee was arrested and indicted by federal authorities while he was on parole. 147 A.3d at 611. However, unlike Petitioner, Fumea posted bond on the federal charges. *Id.* While the Board initially detained Fumea pending disposition of those charges, he was subsequently released from custody prior to that disposition because his original maximum date was reached. *Id.* Nevertheless, the Board obtained jurisdiction over Fumea upon his federal conviction because he had committed a crime while on

---

[6] We infer from Petitioner's repeated references to the Board's "primary jurisdiction" that Petitioner means to invoke the general rule set forth in Section 6138(a)(5.1) of the Parole Code, where a CPV must serve the balance of his original term before serving a new federal term. *See, e.g.*, Pet'r's Br. at 10; Pet'r's Suppl. Br. at 2.

7

parole.[7] *See id.* Yet, the Board failed to exercise this authority, *i.e.*, failed to issue a new warrant to commit and detain Fumea, until Fumea had been remanded into federal custody upon his sentencing on the new charges. *Id.* at 612. Thereafter, the Board received "official verification" of Fumea's conviction, ultimately took custody of Fumea following his release from federal custody, and held its revocation hearing. Upon review, this Court determined that the Board had not timely held a revocation hearing because the 120-day period had commenced no later than the date of his federal sentencing, which preceded his return to state custody. Thus, under these rather unique circumstances, this Court recognized an exception to the general rule that the time period for holding a revocation hearing is tolled while a CPV is held outside the state's jurisdiction. *Id.* at 619-620.

Conversely, the record shows here that Petitioner remained in federal custody from the time of his arraignment until he was returned to state custody on April 12, 2023, after he was sentenced on those federal charges. *See* Resp. to Admin. Remedies Form, 1/24/24, at 2. One hundred twenty days from April 12, 2023, is August 10, 2023. The Board held a revocation hearing on August 2, 2023. Therefore, because a revocation hearing was held within 120 days of when Petitioner first became available to the Board, we find that Petitioner's timeliness argument lacks merit. *See Brown*, 184 A.3d at 1025, 1027; *Dill*, 186 A.3d at 1045-46.

Lastly, there is no evidence in the record that supports Petitioner's suggestion that the Board "never sought to obtain official verification" of his conviction, and thus the Board "did not know whether or not [Petitioner] was available prior to April 12, 2023." Pet'r's Br. at 8-9, 13. As explained above, Petitioner was not merely unavailable, he was in fact in federal custody, and the

---

[7] The *Fumea* Court stressed that the Board was clearly aware of Fumea's conviction because his parole agent was present at the sentencing. *See id.* at 617-18.

8

Board was unable to assert jurisdiction until Petitioner was returned to state custody, despite its detainer.[8] *See* 37 Pa. Code § 71.5(a); *Brown*, 184 A.3d at 1027; *Dill*, 186 A.3d at 1046.

For these reasons, we find that the Board properly held a revocation hearing 120 days from Petitioner's return to state custody.

### B. Credit for Time Served

Petitioner also claims that the Board failed to give him proper credit toward his original sentence for all time he has spent incarcerated. Pet'r's Suppl. Br. at 2. Specifically, according to Petitioner, he has been subject to the Board's "primary jurisdiction" since July 6, 2021, when he was arrested on new charges and the Board lodged its detainer against him. *See id.* Noting that Section 6138(a)(5.1) of the Parole Code requires that a CPV serve his original sentence before serving a new federal sentence, Petitioner reasons that all time he has served since July 6, 2021, must be credited to his original sentence. *Id.* at 2-3. Petitioner therefore asks that we remand for the Board to properly allocate his credit. *See id.* at 4.

When calculating credit toward an original sentence for confinement preceding sentencing on new charges, several principles apply. Generally, if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time in custody shall be credited towards his original sentence. *Gaito v. Pa. Bd. of*

---

[8] We have distinguished *Fumea* in another recent decision. *See Moody v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1277 C.D. 2023, filed Nov. 8, 2024). Similarly, in *Moody*, we concluded that the Board timely held a revocation hearing because the parolee had remained in federal custody until he was returned to an SCI and, therefore, was unavailable to the Board. *See id.*, slip copy at 9. *See also Caldwell v. Pa. Parole Bd.* (Pa. Cmwlth., No. 882 C.D. 2022, filed Nov. 30, 2023); *Hill v. Pa. Parole Bd.* (Pa. Cmwlth., No. 148 C.D. 2022, filed Feb. 22, 2023); *Williams v. Pa. Parole Bd.* (Pa. Cmwlth., No. 152 C.D. 2021, filed Dec. 16, 2021). We note these cases for their persuasive value. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

*Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, if a defendant instead remains incarcerated prior to trial because he has failed to satisfy the bail requirements on the new criminal charges, then that time spent in custody is applied to his new sentence. *Id.*

Additionally, a parole violator serves the balance of the original term before serving his new federal sentence, but this requirement only takes effect once "parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)); 61 Pa.C.S. § 6138(a)(5.1). "The period of time for which a parole violator is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender." 61 Pa.C.S. § 6138(a)(4).

Petitioner was in custody solely on the Board's detainer from July 6, 2021, when the Commonwealth dropped its charges against him, but the Board's detainer remained in place, until September 14, 2021, when federal authorities launched an action against him. Therefore, the Board properly determined in its decision that Petitioner is entitled to 70 days of credit for this period on his original sentence. *See Gaito*, 412 A.2d at 571. The Board properly subtracted 70 days from 2,619, the amount of time left on his original sentence, leaving Petitioner with 2,549 days on his original sentence. *See* Resp. to Admin. Remedies Form, 1/24/24, at 2. Then, the Board properly calculated Petitioner's new maximum date as March 27, 2030, when it added the 2,549 days to the date Petitioner became available to the Board after his sentencing on his new charges, April 4, 2023. *Id.*; *see also* 61 Pa.C.S. § 6138(a)(4).

10

While Petitioner's claim relies upon the general rule set forth in Section 6138(a)(5.1) of the Parole Code that he must serve his original sentence prior to serving his new federal sentence, the rule does not apply to any period of incarceration served while he was not detained solely on the Board's detainer. *Gaito*, 412 A.2d at 571. The additional credit Petitioner seeks for time served after September 14, 2021, while awaiting disposition of his federal charges, will be credited toward his new sentence. *Campbell*, 409 A.2d at 981-82.[9]

## IV. CONCLUSION

Based on the foregoing, the Board held a timely revocation hearing. *Brown*, 184 A.3d at 1025; *Fitzhugh*, 623 A.2d at 377. Additionally, the Board properly calculated credit toward Petitioner's original sentence. *Gaito*, 412 A.2d at 571; *Campbell*, 409 A.2d at 982. Accordingly, we affirm the Board's decision. *See Fisher*, 62 A.3d at 1075 n.1.

_____
**LORI A. DUMAS, Judge**

---

[9] The Board recognizes this in its decision, mailed January 24, 2022, stating, "[a]ny time spent incarcerated that was not allocated toward [Petitioner's] original sentence will be calculated by the Bureau of Prisons and credited towards [his] new federal sentence upon commencement of that term." Response to Admin. Remedies Form, 1/24/24, at 2.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cameo Witherspoon,                         :
                Petitioner          :
                                  :   No.  207 C.D. 2024
             v.                         :
                                  :
Pennsylvania Parole Board,                 :
                Respondent        :

## **O R D E R**

AND NOW, this 20th day of December, 2024, the decision of the Pennsylvania Parole Board, entered January 24, 2024, is AFFIRMED.

_____

**LORI A. DUMAS, Judge**