# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zaamar B. Stevenson, :
              Petitioner :
               : No. 726 C.D. 2024
        v. :
               : Submitted: July 7, 2025
Pennsylvania Parole Board, :
              Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                         **FILED:  August 26, 2025**

Zaamar B. Stevenson (Petitioner) has petitioned this Court to review a decision by the Pennsylvania Parole Board (Board), mailed May 15, 2024, denying administrative relief from his recommitment as a convicted parole violator (CPV). He argues that the Board erred in failing to (1) hold a timely revocation hearing, (2) recommit him before serving his federal sentence, and (3) give Petitioner proper credit for the time served. After careful review, we affirm the Board's decision.

## I. BACKGROUND[1]

Petitioner was paroled from his original sentence on June 21, 2015, with a maximum date of August 27, 2019. While on parole, Petitioner was arrested by

---

[1] Unless otherwise stated, we base the background on the Board's response to Petitioner's administrative remedies form, which is supported by the record. *See* Resp. to Admin. Remedies Form, 5/15/24.

the state on new criminal charges on November 9, 2015, and the Board issued its warrant to commit and detain Petitioner that same day. Petitioner did not post bail. However, on October 7, 2016, federal authorities arrested and charged Petitioner with federal crimes, stemming from the November 9, 2015 arrest. As a result, the state charges were withdrawn on October 31, 2016. *See* Supervision Hist. 7/17/23, at 1.

On January 15, 2020, Petitioner entered a guilty plea to several charges in federal court. *See* U.S. District Court Criminal Docket, 8/31/16, at #217; *see also* C.R. at 81. Then, on February 20, 2020, the Board issued a warrant to commit and detain Petitioner as a convicted parole violator. *See* Warrant for Arrest of Paroled Prisoner, 2/20/20. On September 22, 2020, Petitioner was sentenced to serve 120 months of incarceration in a federal facility for his new offenses.

On July 14, 2023, Petitioner completed his federal sentence and was returned to the Pennsylvania Department of Corrections (DOC). The Board conducted a panel revocation hearing on September 7, 2023, at which Petitioner entered an objection that the hearing was untimely. *See* Revocation Hr'g Tr., 9/7/23, at 7-9; Revocation Hr'g Rep., 9/19/23. After the hearing, the Board voted to revoke Petitioner's parole, and it subsequently recommitted him as a CPV on October 5, 2023. *See* Revocation Hr'g Rep., 9/19/23; Bd.'s Order 10/4/23. Petitioner's new maximum date was recalculated to be September 19, 2027. Petitioner was not given credit for the time he spent at liberty on parole.

Petitioner appealed to the Board, which affirmed its decision. Petitioner now appeals to this Court.

## II. ISSUES

Petitioner identifies three issues for our consideration. First, Petitioner contends that the Board failed to conduct a timely revocation hearing. *See* Pet'r's Br. at 4, 6-9. Second, Petitioner asserts that he should have served the backtime on his original state sentence before serving his new federal sentence. *See id.* at 6, 9-12. Third, Petitioner asserts that the Board failed to properly credit him for time served while he was in federal custody and while he was at a state correctional institution (SCI). *See id.* at 4, 6, 9-12.

## III. DISCUSSION[2]

### A. Timeliness of Revocation Hearing[3]

Petitioner contends that the Board failed to conduct a timely revocation hearing because Petitioner was available to the Board while in federal custody, and the Board failed to act in detaining Petitioner after he was convicted on his federal sentence. *See* Pet'r's Br. at 7-9. Petitioner further asserts that since the Board placed a detainer on Petitioner on February 20, 2020, this is evidence of the Board's jurisdiction over Petitioner, and the 120-day time limit for holding a revocation hearing should have started running from this date. *See id.* at 9. Thus, when the Board, according to Petitioner, "refused to obtain custody" of him despite his requests to the contrary, the Board erred. *See id.*

---

[2] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

[3] When a parolee alleges that the Board held a hearing beyond the 120-day period required by 37 Pa. Code § 71.4, the Board bears the burden of proving, by a preponderance of the evidence, that the hearing was timely. *Fitzhugh v. Pa. Bd. of Prob. & Parole*, 623 A.2d 376, 377 (Pa. Cmwlth. 1993); *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 (Pa. Cmwlth. 2008).

It is well established that due process requires a parolee to "receive a timely hearing after he is taken into custody for a parole violation." *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1044 (Pa. Cmwlth. 2018). Generally, "[a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level." 37 Pa. Code § 71.4(1). "Official verification" of the plea of guilty is defined as the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

However, "[i]f a parolee is confined outside the jurisdiction of the Department of Corrections [DOC], such as . . . confinement in a Federal correctional institution . . . where the parolee has not waived the right to a revocation hearing . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code § 71.4(1)(i). If the parolee is in federal custody, "the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa. Code § 71.5(a).

When determining the 120-day period, any delays caused by "[t]he unavailability of a parolee" will be excluded from the timeframe. 37 Pa. Code § 71.5(c)(1). Further, where a parolee is charged and convicted of a federal crime and held under federal jurisdiction either in a county prison in Pennsylvania or in a federal facility, the 120-day period does not begin until the parolee is released into state custody. *Scott v. Pa. Bd. of Prob. & Parole*, 498 A.2d 31, 33 (Pa. Cmwlth.

4

1985). Therefore, the 120-day period does not include any time the parolee spends outside the jurisdiction of the DOC.

Moreover, "when a parolee is in federal custody, confined in a federal facility, or otherwise unavailable, the Board's duty to hold a revocation hearing . . . is deferred until the parolee is returned to a SCI regardless of when the Board received official verification of a parolee's new conviction." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017); *see also Dill*, 186 A.3d at 1045. In *Brown*, the Court held that because Brown was already in federal custody when he pleaded guilty and was sentenced, he was unavailable to the Board and did not become available until his release from federal custody. *Brown*, 184 A.3d at 1027. Additionally, "[t]he Board does not have 'the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator.'" *Dill*, 186 A.3d at 1046 (quoting *Santosusso v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 574 C.D. 2017, filed Jan. 30, 2018), 2018 WL 615289, at *3);[4] *see also Brown*, 184 A.3d at 1027.

Here, beginning October 7, 2016, Petitioner was held by federal authorities on federal charges, and this continued through his guilty plea on January 15, 2020, because he did not post bail. *See* Resp. to Admin. Remedies Form; U.S. District Court W.D.Pa. Criminal Docket, 8/31/16, at #217. Following his plea, Petitioner remained in federal custody serving his sentence. *See* United States District Court W.D.Pa. Scheduling a Det. Hr'g/Arraignment, 10/7/16; Public Information Inmate Data, 9/28/23. Petitioner did not return to state custody until July 14, 2023, when he was returned to SCI-Smithfield from federal authorities. *See* Resp. to Admin. Remedies Form, 5/15/24; Revocation Hr'g Rep., 9/19/23. Thus,

---

[4] This case is cited for its persuasive value, as it is factually similar to the matter. *See* Pa.R.A.P. 126(b)(1)-(2); 210 Pa. Code § 69.414(a).

throughout this period, Petitioner was outside of DOC's jurisdiction. 37 Pa. Code § 71.4(1)(i). Under these circumstances, the Board's duty to hold a revocation hearing was deferred until Petitioner returned to state custody, regardless of when exactly the Board received official verification of Petitioner's new conviction and placed a detainer on him. *See Brown*, 184 A.3d at 1035; *Dill*, 186 A.3d at 1045. Therefore, the 120-day period did not begin on February 20, 2020, but rather July 14, 2023, when Petitioner returned to state custody after serving his federal sentence. The Board held Petitioner's revocation hearing on September 7, 2023, which is 55 days after the 120-day time limit commenced.

Furthermore, the Board does not have the authority to "acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit [him] to serve the remainder of the original sentence." *Brown*, 184 A.3d at 1027; *Dill*, 186 A.3d at 1046. As a result, like in *Brown*, Petitioner was "already unavailable" to the Board when he pleaded guilty, and when the Board received official verification. Again, Petitioner did not become available to the Board until he was returned to state custody on July 14, 2023. *See Scott*, 498 A.2d at 33.

For these reasons, we find that the Board properly held a revocation hearing less than 120 days after Petitioner's return to state custody.

### B. Order of Sentences

Petitioner also asserts that he should have served the backtime on his original, state sentence before serving his new federal sentence pursuant to Section 6138(a)(5.1) of the Parole Code. *See* Pet'r's Br. at 9-12.

It is true that a parole violator serves the balance of the original term before serving his new federal sentence. *See Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980). This requirement only takes effect once

6

"parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell*, 409 A.2d at 982 (quoting *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)); 61 Pa.C.S. § 6138(a)(5.1); *see also Brown*, 184 A.3d. at 1027. In other words, a parolee does not become available to serve his original sentence until the Board recommits him. *See White v. Pa. Parole Bd.*, 276 A.3d 1247, 1253 (Pa. Cmwlth. 2022); *Campbell*, 409 A.2d at 982; *Brown*, 184 A.3d. at 1027.

As we previously stated, Petitioner was in federal custody when he pleaded guilty and was sentenced on the new federal charges. *See* Resp. to Admin. Remedies Form. Again, the Board does not have the authority to acquire Petitioner from federal custody in order to recommit him to serve the remainder of his original sentence. *Brown*, 184 A.3d at 1027. Thus, the Board did not err in recommitting Petitioner after his return to state custody on July 14, 2023.

### C. Credit for Time Served

Lastly, Petitioner claims that the Board failed to give him proper credit toward his original sentence for all time he has spent incarcerated in federal and state custody. *See* Pet'r's Br. at 4, 6, 9. Specifically, according to Petitioner, he is owed credit on the Board's parole revocation sentence for time spent incarcerated while serving his federal sentence because those sentences were to be served concurrently. *See id.* at 11-12. Additionally, Petitioner asserts that he is owed credit for time served from November 9, 2015, until August 31, 2016,[5] because it was time served solely on the Board's warrant. *See id.* at 11.

---

[5] Petitioner states August 31, 2016, as the date in which Petitioner was charged on the new federal charges. *See* Pet'r's Br. at 11. However, the record reflects that the correct date is actually October 31, 2016. *See* Supervision Hist., at 1.

7

When calculating credit toward an original sentence for confinement preceding sentencing on new charges, several principles apply. Generally, when an offender is incarcerated on the Board's detainer and new charges, all time spent in confinement must be credited to either his new or original sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003); *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). If an offender is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time in custody shall be credited toward his original sentence. *Gaito*, 412 A.2d at 571. In contrast, when an offender is incarcerated on the Board's warrant and does not post bail on the new charges, the time is credited toward his new sentence. *See Gaito*, 412 A.2d at 571. Where the period of presentence confinement exceeds the sentence imposed for the new crimes, a CPV is entitled to credit on his original sentence. *See Martin*, 840 A.2d at 301; *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 767 (Pa. 2017).

Additionally, the balance of the original term and the new federal sentence must be served consecutively. 61 Pa.C.S. § 6138(a)(5); *see Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983) (granting allowance of appeal to highlight that a parole violator convicted and sentenced to prison for another offense cannot serve his backtime and the new sentence concurrently; these terms must be served in consecutive order). "The period of time for which a parole violator is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender." 61 Pa.C.S. § 6138(a)(4).

Here, Petitioner was paroled on June 21, 2015, with 1,528 days left on his original sentence. *See* Resp. to Admin. Remedies Form. Petitioner became

available to the Board to serve the remainder of his original sentence on July 14, 2023. *See Gaito*, 412 A.2d at 571; *Campbell*, 408 A.2d at 982; *White*, 276 A.3d at 1253. Thus, adding 1,528 days to July 14, 2023, yields a new maximum date of September 19, 2027. Therefore, the Board did not err in calculating Petitioner's new maximum sentence date.

To the extent that Petitioner argues that the Board erred in recalculating his maximum date because the federal court sentencing judge ordered that he serve his new federal sentence concurrently with his original sentence, this argument is misplaced, as Petitioner must serve these terms consecutively. *See* 61 Pa.C.S. § 6138(a)(5); *Dorian*, 468 A.2d at 1091.

### IV. CONCLUSION

Based on the foregoing, the Board held a timely revocation hearing. *Brown*, 184 A.3d at 1025; *Fitzhugh*, 623 A.2d at 377. Additionally, the Board did not err in recommitting Petitioner after his return to state custody on July 14, 2023. *Brown*, 184 A.3d at 1027; *Campbell*, 409 A.2d at 982; 61 Pa.C.S. § 6138(a)(5.1). Lastly, the Board properly calculated credit toward Petitioner's original sentence. *Gaito*, 412 A.2d at 571; *Campbell*, 408 A.2d at 982.

Accordingly, we affirm the Board's decision.

**LORI A. DUMAS, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zaamar B. Stevenson, :
          Petitioner :
           : No. 726 C.D. 2024
          v. :
           :
Pennsylvania Parole Board, :
          Respondent :

# **O R D E R**

AND NOW, this 26th day of August, 2025, the decision of the Pennsylvania Parole Board, mailed May 15, 2024, is AFFIRMED.

 

**LORI A. DUMAS, Judge**